# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYK MATUTE, | 1:09-cv-01196-DLB (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| ATTORNEY GENERAL, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on July 10, 2009. Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. Petitioner also asserts that his detention is in violation of Respondent's statutory authority.

Petitioner has failed to name a proper Respondent to review his claim challenging the execution of his sentence. It is well-established that to provide under section 2241, the petitioner must name as the respondent the warden of the facility where the he is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004). Section 2242 of Title 28 directs that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Thus, when a prisoner files a

section 2241 petition challenging the execution of his sentence, the warden of the penitentiary where he is confined must be named as the respondent. <u>Dunne v. Henman</u>, 875 F.2d 244, 248-249 (9th Cir. 1989); <u>see</u> also <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (reiterating that a federal habeas petitioner's immediate custodian is the only individual who can actually produce the body of the petitioner). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Therefore, because Petitioner has failed to name the proper respondent in his petition, this Court does not presently have jurisdiction to review it. However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

        Accordingly, the Court HEREBY ORDERS:

1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order. To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent. As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined. The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

    Dated: __July 14, 2009__             __/s/ Dennis L. Beck__
                                               UNITED STATES MAGISTRATE JUDGE