# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYK MATUTE, | 1:09-cv-01196-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| v. | |
| ATTORNEY GENERAL, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on July 10, 2009.  (Court Doc. 1.)  Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution.

On March 29, 2010, Respondent filed a motion to dismiss the petition as moot. Respondent submits evidence that Petitioner was removed to Honduras on September 30, 2009. (Motion, Attachment A, Immigration and Customs Enforcement EARM custody screen.) Petitioner did not file a response.

Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to terminate this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 7, 2010**                    /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE